```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
UNITED STATES OF AMERICA, ex rel.         :   15cv706 (DLC)
RASVINDER DHALIWAL,                       :
                                          :   OPINION & ORDER
                    Plaintiffs,           :
                                          :
              -v-                         :
                                          :
SALIX PHARMACEUTICALS, LTD.,              :
                                          :
                    Defendant.            :
                                          :
------------------------------------------X
```

APPEARANCES

For the intervenors:
Robert W. Sadowski
Sadowski Katz LLP
11 Broadway, Suite 615
New York, New York 10006

For the relator:
John C. Gallagher III
Gallagher Law Offices PLLC
175 Huguenot Street, Suite 200
New Rochelle, NY 10801

For the Government:
Jeffrey Kenneth Powell
US Attorney's Office, SDNY
86 Chambers Street, Room 620
New York, NY 10007

For the defendant:
Nancy Lynn Kestenbaum
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018-1405

DENISE COTE, District Judge:

Several law firms who seek to protect their right to statutory attorney's fees and their share of a qui tam award as a contingency fee have moved to intervene under Federal Rule of Civil Procedure 24(a).  For the reasons that follow, the motion to intervene is granted.

## Background

This is a qui tam action brought under the False Claims Act, 31 U.S.C. § 3729 et seq., and various state false claims acts by Rasvinder Dhaliwal (the "Relator").  The Relator alleges, inter alia, that Salix Pharmaceuticals, Ltd. ("Salix") provided kickbacks to healthcare providers to prescribe Salix products.

The Relator has retained several different law firms in connection with this action.  In September 2014, the Relator entered into a retainer agreement (the "Gage Spencer Retainer") with three law firms: Gage Spencer & Fleming LLP; Durrell Law Office; and Thomas & Associates (the "Original Counsel").  The agreement stated that the Original Counsel would represent the Relator in investigating and possibly filing a qui tam action against Salix.  The Gage Spencer Retainer provided that the Original Counsel would receive, as a contingency fee, 40% of any qui tam award obtained by the Relator, that the Original Counsel

were entitled to obtain statutory attorney's fees and costs if an award were obtained by the Relator, and that the Relator assigned her interest in statutory attorney's fees and costs to the Original Counsel.  Finally, the Gage Spencer Retainer provided that the Original Counsel were granted a lien on the Relator's claims and on any money or property recovered by the Relator in connection with this qui tam action.

On January 28, 2015, the Relator substituted the Original Counsel for Sadowski Fisher PLCC ("Sadowski Fisher").  An agreement between the Relator, the Original Counsel, and Sadowski Fisher (the "Substitution Agreement") superseded the Gage Spencer Retainer.  The Substitution Agreement provided, inter alia, that (1) the Original Counsel retained their right to statutory fees in the event the Relator was awarded attorney's fees, (2) Sadowski Fisher and the Original Counsel "agreed that it is in the best interests of the [Relator] for Sadowski Fisher and the Original Counsel to share in the contingency portion of any Qui Tam Award received by [the Relator]," (3) Sadowski Fisher is entitled to a contingency fee equal to 25% of any qui tam award obtained by the Relator that is less than $4 million, and (4) Sadowski Fisher and the Original Counsel would share the contingency on a pro-rata basis.  The Relator also entered into a retainer agreement with Sadowski Fisher (the "Sadowski Fisher Retainer"), which

3

provides, inter alia, that (1) Sadowski Fisher would represent the Relator in investigating and litigating the qui tam action against Salix, (2) Sadowski Fisher is entitled to a contingency fee as described in the Substitution Agreement, (3) to the extent the Relator obtains an award of statutory attorney's fees, such fees will be a payment to Sadowski Fisher, (4) that the Relator assigns her interest in the qui tam award and statutory fees to Sadowski Fisher up to the amount owed to Sadowski Fisher, and (5) if the Relator elects to waive statutory fees, the Relator will reimburse Sadowski Fisher for the amount waived.[1]

On January 30, 2015, the Relator filed a complaint signed by Robert Sadowski to commence this action.  The case was filed under seal and the complaint was served on the Government.  On August 3, 2015, the case was transferred to this Court.[2]  At some point after the filing of the complaint, the Relator replaced as counsel Sadowski Fisher with John C. Gallagher of Gallagher PLLC, who now represents the Relator in this matter.

---

[1] The Sadowski Fisher Retainer contains an arbitration clause to cover disputes arising out of the agreement.  No party has invoked the arbitration clause at this point.

[2] The case was reassigned to this Court as related to United States of America ex rel. Steven R. Peikin, M.D., et al. v. Salix Pharmaceuticals, Inc., 12cv3870 (DLC), another qui tam action against a Salix entity.

4

On June 9, 2016, the Government elected to intervene in this action. Also on June 9, the Court unsealed this action and entered stipulations of settlement and dismissal between the Relator, Salix, and the Government. The Government received Salix's settlement payment on June 20, of which $310,670.36 is owed to the Relator but is being held by the Government pending the resolution of this motion. A separate settlement is being finalized between the state governments and Salix, and some additional claims not covered by the settlements may proceed between the Relator and Salix.

On June 23, the Original Counsel, Sadowski Fisher, and Sadowski Katz[3] (collectively, the "Intervenors") filed a motion under Federal of Civil Procedure 24(a) to intervene for the purpose of seeking statutory attorney's fees and to enforce a charging lien[4] against the Relator's cause of action. The

---

[3] Sadowksi Katz LLP asserts that it is the successor in interest to Sadowksi Fischer PLLC. For purposes of this opinion, both firms will be referred to as Sadowski Fisher.

[4] Under New York law, an "attorney who appears for a party has a lien upon his or her client's cause of action . . . which attaches to a verdict . . . award, settlement, judgment or final order in his or her client's favor." N.Y. Judiciary Law § 475. "The lien is predicated on the idea that the attorney has by his skill and effort obtained the judgment, and hence should have a lien thereon for his compensation." Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 177 (2d Cir. 2001) (citation omitted). To obtain a charging lien, an attorney must be an "attorney of record" for the client, which can include submitting papers to a court or appearing at trial. Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 450

5

Intervenors contend that intervention is necessary to protect their entitlement to statutory attorney's fees and their share of a contingency fee owed to them by the Relator.  The Intervenors submitted invoices indicating that they each performed work for the Relator for periods of time between June 10, 2014 and July 31, 2015.

The Court required any opposition to the motion to be submitted by July 15.  The Relator has submitted an opposition.  Salix takes no position on the pending motion, but notified the Court that it is currently in discussions with the Intervenors to resolve their statutory attorney's fees request.  The Government notified the Court that it takes no position as to the pending motion, but has deferred payment of the Relator's share of the settlement pending the Court's disposition of the motion to intervene.

### Discussion

A party may intervene under Rule 24(a) if, "[o]n timely motion," it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,

---

(2d Cir. 1998).  Of the Intervenors, only Sadowski Fisher appears to have filed any documents in this action on behalf of the Relator.

unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Accordingly, a party moving under Rule 24(a) must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (citation omitted). Whether to grant a motion for intervention is within the discretion of the district court. See id. at 1058. Only the second and fourth elements are in dispute.

**A. Interest in the Subject Matter of this Action**

Rule 24(a) requires the movant to assert "an interest relating to the property or transaction that is the subject of the action," and "[t]hat interest must be direct, substantial, and legally protectable." Laroe Estates, Inc. v. Town of Chester, No. 15-1086-CV, 2016 WL 3615777, at *6 (2d Cir. July 6, 2016) (citation omitted). An interest is neither direct nor substantial "if it is remote from the subject matter of the proceeding, or contingent upon the occurrence of a sequence of events." Id. at *7 (citation omitted). The Intervenors claim two distinct interests: (1) an interest in the statutory attorney's fees which are awarded to a successful plaintiff

7

under the False Claims Act, and (2) a contractual entitlement to a portion of the Relator's qui tam award as a contingency fee.

### 1. Statutory Attorney's Fees

Under the False Claims Act, "a successful qui tam plaintiff shall receive reasonable attorneys' fees and costs." United States v. Keshner v. Nursing Pers. Home Care, 794 F.3d 232, 237 (2d Cir. 2015) (citation omitted); see also 31 U.S.C. § 3730 ("If the Government proceeds with [a qui tam] action brought by a person . . . such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs."). Although the right to statutory attorney's fees belongs to the plaintiff -- i.e., the Relator -- the three retainer agreements between the Relator and the Intervenors grant the Intervenors an interest in the statutory attorney's fees. First, the Gage Spencer Retainer provided that the Original Counsel were entitled to receive statutory attorney's fees in the event the Relator obtained a qui tam award against Salix. Second, the Substitution Agreement affirmed the Original Counsel's right to those fees even though the Relator had replaced them with Sadowski Fisher. Third, the Sadowski Fisher Retainer provided that Sadowski Fisher was entitled to statutory attorney's fees in the event the Relator obtained a qui tam award and that the Relator assigned her interest in those

8

statutory fees to Sadowski Fisher. Accordingly, each of the Intervenors has a contractual interest in the statutory fees which the Relator is entitled to receive from Salix.

### 2. Contingency Fees

Unlike the statutory attorney's fees, the Intervenors' entitlement to a contingency fees arises solely under the three retainer agreements between them and the Relator, and are not required by statute. The Second Circuit has not decided whether attorneys may intervene solely for the purpose of protecting their contractual rights to fees or to enforce a charging lien. See Butler, 250 F.3d at 178 (affirming denial of intervention of other grounds). In Butler the Second Circuit noted, in dicta, that a law firm that had a legal interest in a plaintiff's cause of action by way of a charging lien "at least arguably [has] an equitable interest in the underlying cause of action," that would be sufficient to satisfy the requirements of Rule 24(a)(2). Id.

Here, Sadowski Fisher may have a valid charging lien because it submitted pleadings to this Court on behalf of the Relator. The Original Counsel, while they may not have a charging lien, appear to have a contractual right to share in any contingency fee owed to Sadowski Fisher. Allowing intervention to determine the Intervenors' contingency fees will conserve judicial resources and permit all of the issues

concerning attorney's fees to be determined in a single proceeding.  Because the award of statutory fees must be rendered by this Court, it is unnecessary to determine in this case whether intervention would be appropriate if it were sought solely to enforce a purported contractual right to a contingency fee.  For these reasons, the Intervenors' interest in their contingency fees is sufficiently related to the Relator's claims in this action.

### B. Whether the Intervenors' Interests are Adequately Represented by the Relator

Rule 24(a) requires a movant to show "that its interest is not adequately represented by the other parties."  Laroe, 2016 WL 3615777, at *7.  "The burden to demonstrate inadequacy of representation is generally speaking 'minimal.'"  Id.

The Intervenors identify two reasons why they believe the Relator will not adequately represent their interests in obtaining statutory attorney's fees and their contingency fee.  First, the Intervenors claim that the Relator and her current counsel, Mr. Gallagher, believe that at least some of the Intervenors are entitled to no payments for their work and that some of the Intervenors' fees are unreasonable.  Second, the Intervenors argue that the Relator has failed to timely file an

application for statutory attorney's fees,[5] which risks waiving the right to the fees that should be paid to the Intervenors.

Considering the totality of the circumstances, the Intervenors have met their "minimal" burden of showing that the Relator will not adequately represent their interests.  Id.  It is appropriate to allow intervention so that the Intervenors may protect any interest they may have in statutory attorney's fees and contingency fees themselves.

---

[5] Federal Rule of Civil Procedure 54(d)(2)(B) requires applications for attorney's fees to be made within 14 days of entry of judgment.  The Relator has not waived her right to make an application under Rule 54(d)(2)(B) because a final judgment has not been entered.  Settlement of claims under state false claims acts are still being finalized and, with respect to the federal claim, the stipulation of dismissal entered by the Court on June 9, 2016 provides that the Relator shall file a Rule 41(a)(1) Notice of Dismissal upon receipt of the qui tam award from the Government.

**Conclusion**

The Intervenors' June 23, 2016 motion to intervene is granted. A scheduling order refers the parties to Magistrate Judge Peck[6] for settlement discussions under his supervision concerning statutory attorney's fees and contingency fees, and sets a briefing schedule in the event those discussions fail.

Dated:    New York, New York
          August 18, 2016

                              _____
                                      DENISE COTE
                              United States District Judge

---

[6] This action was previously assigned to Magistrate Judge Dolinger, who has since retired from the bench.